IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                    )<br>)<br>MICHAEL BENNETT                     ) | Case No. 1:21-cr-16<br>Judge Stephanie L. Haines |

**MEMORANDUM OPINION REGARDING
GOVERNMENT'S MOTION TO QUASH AT ECF NO. 163**

**I.   Introduction**

Pending before the Court in this criminal matter are several pretrial motions filed by the Defendant, Michael Bennett, including motions to sever or dismiss the charges against him. The Court scheduled a hearing on those motions for November 19, 2025. On November 18, 2025, the Government filed a motion to quash numerous subpoenas that defense counsel had issued in anticipation of the November 19 motion hearing. *See* ECF No. 163. Bennett responded to the Government's motion to quash and also filed a motion to compel the disclosure of contact information for former FBI Special Agent Michael Thoreson. *See* ECF Nos. 164, 165.

The Court granted the Government's motion to quash but indicated it would entertain further discussion of the matter at the November 19 motion hearing. ECF No. 167. The Court also denied, without prejudice, Bennett's motion to compel disclosure of Special Agent Thoreson's contact information. *Id.* Having now heard from the parties at the aforementioned motion hearing, the Court writes to explain its ruling regarding the Government's motion to quash Bennett's subpoenas.

1

**II.     Background**

The relevant charging document in this case is the superseding indictment filed on July 22, 2025, which charges Bennett with one count each of receiving (Count One), possessing (Count Two), and distributing (Count Three) child sex abuse material, in violation of federal law. ECF No. 127.  Bennett seeks to dismiss and/or sever some or all of these charges, as laid out in his pretrial motions filed at ECF Nos. 151, 152, and 153.  In anticipation of the November 19 hearing on these motions, Bennett's counsel served or attempted to serve subpoenas upon FBI Special Agent Michael Shaffer, retired FBI Special Agents Jason Crouse and Michael Thoreson, Pennsylvania State Police ("PSP") Commissioner Christopher Paris, and Fernando Hernandez, a civilian forensic examiner employed by the PSP.[1]

The Government moved to quash the subpoenas issued to the current and former FBI agents on the grounds that defense counsel had not complied with the *Touhy* regulations promulgated by the Department of Justice.[2]  The Government moved to quash the remaining subpoenas on the grounds that they were improper attempts to obtain discovery.

Bennett opposed the Government's motion to quash on several grounds.  He argued that the *Touhy* regulations do not apply in cases like this where the United States is a party. Nevertheless, in an "abundance of caution," he supplied a *Touhy* affidavit from his attorney addressing the need for the information sought.  *See* ECF No. 164 at 1-2 and 164-1.  Bennett next argued that his subpoena of Mr. Hernandez and Commissioner Paris were served in

---

[1] Defense counsel also attempted to serve a subpoena on Delaware County Detective Sergeant Ken Bellis; however, counsel later released Detective Sergeant Bellis from his subpoena obligations, making any dispute about the compelled appearance of this witness moot.  *See* ECF No. 164 at 2 n.1.

[2] *See United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 467 (1951); 28 C.F.R. §16.21-16.29.

2

compliance with PSP protocol. Finally, Bennett argued that the Government lacks standing to request a quashing of the subpoenas.

### III. Discussion

#### A. *Standard of Review*

The issuance of a subpoena in a federal criminal case is governed by Rule 17 of the Federal Rules of Criminal Procedure. *See United States v. Hall*, No. 2:20-cr-340, 2021 WL 3419679, *1 (W.D. Pa. Aug. 5, 2021) (noting that Rule 17 applies to subpoenas issued in connection with pretrial hearings). The rule specifies that a subpoena "must state the court's name and the title of the proceeding, include the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies." Fed. R. Crim. P. 17(a). Additionally, "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). "The court may direct the witness to produce the designated items in court . . . before they are to be offered in evidence" and, "[w]hen the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." *Id.* "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

Although Rule 17 applies in the pretrial context, it was "not intended to be a broad discovery device, and only materials that are 'admissible as evidence' are subject to subpoena under the rule." *United States v. Cuthbertson*, 651 F.2d 189, 192 (3d Cir. 1981); *Hall, supra*, *1. "The test for enforcement is whether a subpoena constitutes a good faith effort to obtain identified evidence rather than amounting to a general 'fishing expedition' that attempts to use

the rule as a discovery device." *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980); *Hall, supra*, at *1.

Generally, the party seeking to obtain documents through Rule 17(c) must "clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974); *see also United States v. Anderson*, Case No. 1:22-cr-9, 2023 WL 3229949, *2 (May 3, 2023); *Hall, supra*, *1. If a party is seeking production of documents prior to a hearing or trial, that party must also establish: (i) "that the documents are not otherwise procurable reasonably in advance of [the proceeding] by exercise of due diligence'; and (ii) "that the party cannot properly prepare for the proceeding without such production and inspection in advance of [the proceeding] and that the failure to obtain such inspection may tend unreasonably to delay the proceedings." *Nixon*, 418 U.S. at 699-700; *see Anderson, supra*, * at 2; *Hall, supra*, at *1.

On a motion to quash, the moving party bears the burden of demonstrating that compliance with the subpoena would be unreasonable and oppressive. *United States v. Ellis*, Case No. 19-369, 2021 WL 210489, *2 (W.D. Pa. Jan. 21, 2021) (citation omitted). Factors pertinent to the court's decision include "relevance, the breadth of the request for the production, the particularity with which the documents are described, and the party's need for the production." *Id.* (citation omitted).

B. <u>Standing</u>

In its Order entered on November 19, 2025, the Court granted the Government's motion to quash, subject to further discussion at the motion hearing to be held later that day. In doing so, the Court implicitly rejected Bennett's argument that the motion should not be considered on the merits due to the Government lack of standing.

"A third party, in this case the Government, has standing to quash a subpoena if it infringes on their legitimate interests." *United States v. Rigas*, No. 4:05-CR-402, 2011 WL 7077329, *2 (M.D. Pa. Oct. 31, 2011). Here, standing is satisfied insofar as the United States has a right to advocate for the enforcement of the DOJ's *Touhy* regulations relative to the subpoenas directed at DOJ agents or information within their control. Moreover, apart from issues of standing, this Court has an independent interest in ensuring that the subject subpoenas comply with the requirements of Rule 17. *See Ellis, supra*, 2021 WL 210489, *2 (citing authority). Accordingly, the Court does not agree with Bennett's argument that the challenged subpoenas are unreviewable.

C. *Analysis*

Upon consideration of the parties' arguments, both in their briefs and at the motion hearing, this Court found that the Government's motion to quash was well-founded. The subpoena directed at PSP Commissioner Paris instructed him to produce "[a]ny and all notes and reports" related to the investigation conducted by Forensic Examiner Fernando Hernandez. ECF No. 163-1. Additionally, defense counsel issued a subpoena directed to Mr. Hernandez himself. Through these documents and witnesses, defense counsel sought to confirm the nature and extent of the forensic evidence that the Government would introduce to try to prove that Bennett received and possessed child sex abuse material ("CSAM") over a continuous ten-year period. Defense counsel also asserted that they had learned of "at least one report" by Mr. Hernandez that the prosecution had not produced, ECF No 164 at 2, and they intended to investigate whether other extant reports existed.

5

Under the circumstances of this case, the subpoenas issued to Commissioner Paris and Mr. Hernandez were unreasonable and appropriately quashed. First, Bennett's pending motions to sever and/or dismiss certain charges present purely legal questions about the manner in which the Government has charged the offenses at Counts One and Two of the superseding indictment. To the extent defense counsel needed a clearer understanding of the forensic evidence that the prosecution will utilize at trial, that issue is now moot. The Government confirmed at the November 19 hearing that its forensic evidence of CSAM comes from two separate sources -- an external hard drive last accessed in 2013 and a Tumblr account utilized in 2019; no forensic evidence of CSAM was recovered relative to the intervening six-year period. The Government also confirmed that it will rely on statements allegedly made by Bennett to prove that he engaged in a continuous course of criminal conduct from (approximately) November 2010 to June 2020. With this clarification, defense counsel acknowledged that their request for a bill of particulars was moot and would be withdrawn. In sum, there is no factual dispute about the nature of the forensic evidence that the prosecution will utilize at trial relative to Counts One and Two of the superseding indictment.

In addition, the Government clarified that there are no outstanding forensic "reports" that have not yet been produced. Rather, in preparation for the original trial date, the prosecution had asked Mr. Hernandez to locate items of CSAM and corresponding metadata that he would be relying on when testifying about the contraband that was allegedly found on the external hard drive. The prosecution also asked Mr. Hernandez to locate evidence that would supposedly tie Bennett to the use of the hard drive. Mr. Hernandez provided the Government printouts of two items reportedly found on the hard drive -- *i.e.,* a video that shows Bennett giving some sort of presentation and a document bearing Bennett's name. The Government represents that these

evidentiary items were obtained from forensic records or files that had already been produced to, or shared with, Bennett's counsel. Nevertheless, the Government agreed to produce the printout evidence to Bennett's attorneys and make the CSAM items available once again for viewing. Given these circumstances, the Court can conceive of no relevant basis for subpoenaing Mr. Hernandez or his investigatory file.

The Government's motion to quash was also well-founded as it relates to FBI Special Agents Shaffer, Crouse, and Thoreson. The subpoena served upon Agent Shaffer directed him to appear at the November 19 hearing and to bring "[a]ny and all notes and reports related to the investigation in the case of Michael Bennett." ECF No. 163-1. According to defense counsel's *Touhy* affidavit, the FBI witnesses were needed

> to testify and [to] produce notes and reports relating to their investigations in this case, including the following: (1) the preparation and execution of the search warrant of Mr. Bennett's home, (2) the preparation and execution of the search warranted directed to Tumblr, (3) their interviews of Mr. Bennett, [Bennett's house mate], and any other witnesses in the course of the investigation, (4) the forensic analysis of the physical evidence collected, and (5) their communications with NCMEC.

ECF No. 164-1. At the November 19 hearing, defense counsel did not articulate any specific need to examine Agent Thoreson. Counsel did clarify, however, that they were seeking to question the agents who interviewed Bennett (*i.e.* Agents Shaffer and Crouse) regarding Bennett's alleged admission that he had been involved with child sex abuse material since 2011, coincident with episodes of depression. Defense counsel argued that Bennett's alleged admission is insufficient to demonstrate a continuous course of criminal conduct as charged in Counts One and Two of the superseding indictment, especially if his episodic depression was infrequent.

As this Court sees it, the Government's stipulation about the nature of its evidence does not give rise to any *bona fide* factual dispute -- just competing arguments and inferences about

what that evidence shows. Thus, as explained above, Bennett's motions to sever and/or dismiss certain charges involve purely legal issues concerning the Government's charging decision. Based on the concessions of counsel, it appears the Government has satisfied its discovery obligations under Rule 16. Consequently, the subpoenas issued to the federal agents appear to entail a fishing expedition for impermissible discovery rather than an appropriate use of subpoena power under Rule 17. *See Ellis, supra*, at *3 (noting that "a movant cannot satisfy the *Nixon* test through speculation or hope about what the requested information will reveal[,]" and the use of phrases such as "entire files," "all," "any and all," or "including but not limited to" suggest a "disallowed fishing expedition") (citing authority)).

## IV.    Conclusion

In sum, Bennett's pending pretrial motions concern only legal issues rather than *bona fide* factual disputes, and defense counsel's affidavit and arguments failed to establish any relevant basis for the information sought. Therefore, the Court has concluded that the subpoenas were unreasonable, oppressive, and appropriately quashed. Having granted the Government's motion to quash the subpoenas, it follows that Bennett's motion to compel disclosure of Agent Thoreson's contact information was also properly denied.

Dated: December 10, 2025

/s/Stephanie L. Haines
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE